UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

BILLY WILLIAMS                                          CIVIL ACTION NO. 3:14-cv-00043

VERSUS                                                         JUDGE ROBERT G. JAMES

TOWN OF DELHI, ET AL                              MAGISTRATE JUDGE HAYES

### MEMORANDUM ORDER[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Compel initial disclosures and responses to interrogatories and requests for production, [doc. # 10], filed by Defendants Town of Delhi, Police Chief Steven W. Harris, and Officer Tim Crum.  Plaintiff opposes the Motion.  [doc. # 16].

Plaintiff Billy Williams filed the instant suit pursuant to 42 U.S.C. § 1983 and LA. CIV. CODE ART. 2315 on January 9, 2014.  [doc. # 1].  Plaintiff claims that, on or about September 15, 2013, Officer Tim Crum stopped the vehicle in which Plaintiff was a passenger without probable cause.  *Id.* at 3.  He claims further that, even though he complied with Crum's commands, Crum tased him multiple times and physically assaulted him.  *Id.*  Plaintiff alleges that he suffered serious physical and emotional injuries as a result.  *Id.*

Defendants filed the instant Motion to Compel, [doc. # 10], on July 11, 2014.  They claim that Plaintiff has failed to produce any initial disclosures and has failed to provide any responses to the interrogatories and requests for production that they propounded on April 30, 2014.  *Id.* at 1.  Defendants mailed Plaintiff's counsel a letter on July 7, 2014, which stated that counsel for

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Defendants would call Plaintiff's counsel on July 10, 2014, unless Plaintiff's counsel indicated that the date was not convenient. [doc. # 10-1]. Defendants maintain that Plaintiff's counsel was unavailable when they called and that he has yet to return their call. [doc. # 10, p. 1-2].

In response, Plaintiff avers that he did not, and does not now, have any initial disclosures to make. [doc. # 17, p. 2]. He also claims that he "has provided a full response to defendant's discovery requests." *Id.* Thus, he asks the Court to deny Defendants' Motion as moot. *Id.*

Notably, Defendants did not seek leave of court to file a reply brief. Thus, they do not contest the sufficiency or veracity of Plaintiff's responses to the instant Motion.[2] Defendants' Motion, [doc. # 1], is therefore **DENIED AS MOOT**.[3]

In Chambers, Monroe, Louisiana, this 4th day of September, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court reminds Plaintiff that if he did have material to disclose and did not disclose it, he "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV P. 37(c)(1). In addition or in the alternative, the Court may order payment of the opposing party's reasonable expenses and attorney's fees, may notify the jury of the party's omission, and may impose other appropriate sanctions. *Id.*

[3] Both parties ask the Court to order the opposing party to compensate them for costs incurred. [doc. #s 12, 17]. Plaintiff, in addition, asks the Court to award reasonable attorney's fees. [doc. # 12]. When a motion to compel is denied, a court must require the movant, his attorney, or both, to pay the opposing party's reasonable expenses and attorney's fees incurred in opposing the motion unless the circumstances make such an award unjust. FED. R. CIV. P. 37(a)(5)(B). Here, the parties shall each bear their own costs and fees in connection with the instant Motion.